UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CECIL ALAN MOON,

        Petitioner,

                                    CIVIL NO. 2:07-CV-13754
v.                                HONORABLE MARIANNE O. BATTANI
                                    UNITED STATES DISTRICT COURT

JAN TROMBLEY,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS

Cecil Alan Moon, ("Petitioner"), presently confined at the Mound Correctional Facility in Detroit, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his application, filed *pro se*, petitioner challenges his convictions for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(A); and second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(A). For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

## I. Discussion

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Saginaw Correctional Facility, but has since been transferred to the Mound Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is Raymond Booker, the warden of Mound Correctional Facility, the current location of petitioner. However, because the Court is denying the petition, it will not do so in this case. *See Logan v. Booker,* No. 2007 WL 2225887, * 1, n. 1 (E.D. Mich. August 1, 2007).

1

Petitioner pleaded guilty to the above offenses in the Gratiot County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Moon,* No. 266904 (Mich.Ct.App. January 6, 2006); *lv. den.,* 475 Mich. 886; 715 N.W. 2d 890 (2006).

On or about August 29, 2006, petitioner filed a petition for writ of habeas corpus on the following grounds:

> I. Apriori plea; coercion/intimidation. Prosecution brought additional charges to force plea.
> II. Failure to advise rights before questioning.
> III. Ineffective assistance of council (sic).
> IV. Malfeasance (vindictive prosecution).

This Court dismissed the petition without prejudice, on the ground that petitioner had failed to exhaust these claims with the Michigan courts in that he did not raise any of his claims before the Michigan Court of Appeals on his direct appeal, raising them only for the first time in his application for leave to appeal with the Michigan Supreme Court. *See Moon v. Trombley,* No. 2006 WL 2594988 (E.D. Mich. September 8, 2006).

Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the Gratiot County Circuit Court, which was denied. *People v. Moon,* 04-4798; 04-4843 (Gratiot County Circuit Court, October 30, 2006). Petitioner attempted to file a delayed application for leave to appeal with the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the appeal without prejudice, because petitioner failed to pursue his

2

appeal in conformity with the court rules. *People v. Moon,* No. 275221(Mich.Ct.App. April 5, 2007)(citing M.C.R. 7.201(B)(3) and 7.216(A)(10). Specifically, petitioner failed to provide the Michigan Court of Appeals with five copies of the delayed application for appeal that conformed to M.C.R. 7.212(C), five copies of a current set of the circuit court's register of actions, a current prisoner account statement for petitioner for the last twelve months prior to the filing, five copies of the order being appealed, and proof of service that petitioner sent a copy of the conforming application to the prosecutor. *Id.* Rather than re-filing his application for leave to appeal with the Michigan Court of Appeals which conformed with the court rules, petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Moon*, 479 Mich. 868, 735 N.W.2d 229 (2007).

Petitioner has now filed an application for habeas relief, in which he appears to seek habeas relief on the same grounds that he raised in his earlier petition before this Court. Although petitioner does not enumerate his claims, petitioner appears to allege that:

> From the onset of this case my rights were violated as set forth in the constitution and empowered by *Miranda* warnings. My court appointed counsel failed to provide any feasable(sic), let alone adequate representation. The prosecutor used due process as if it were something I owed him, instead of a component of Jurisprudence. (When the prosecutor only makes reference to a previously adjudicated case, and in like fashion also the presiding judge; is that not an indication of prejudicial influence? Pretextual animosity bordering on double jeopardy? Indifference to the facts of

3

the instant case? Vindictive prosecution?).  In addition, the state appellate courts have, in essence, refused to hear my pleadings. (Brief in Support, p 1).

Respondent has filed an answer in opposition to the petition for writ of habeas corpus, which is construed as a motion to dismiss on the basis that the claim is barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## II.  Discussion

Respondent contends that petitioner's claims are procedurally defaulted because he never presented his claims to the Michigan Court of Appeals on either his direct appeal or in his post-conviction motion and because petitioner no longer has any available state remedies left to exhaust these claims, he is unable to obtain habeas relief on them.

A state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Therefore, a prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).  The exhaustion doctrine, in

the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003).

The Court will grant respondent's motion to dismiss. Petitioner did not raise any of his claims before the Michigan Court of Appeals on his direct appeal, raising them only for the first time in his application for leave to appeal with the Michigan Supreme Court. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present any of his claims to the Michigan Court of Appeals on his direct appeal, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977).

Petitioner attempted to raise these claims again in his post-conviction motion for relief from judgment. The Michigan Court of Appeals, however, dismissed petitioner's post-conviction application for leave to appeal without prejudice, because petitioner failed to file his application for leave to appeal in conformity with the court rules.

A habeas petitioner cannot circumvent the exhaustion requirement by

5

failing to comply with state procedural rules. *Coleman v. Mitchell,* 244 F. 3d 533, 538 (6th Cir. 2001). A claim that has been raised in a brief or pleading that has been stricken by a state court is not considered exhausted for purposes of habeas review. *See e.g. Provenzano v. Singletary,* 3 F. Supp. 2d 1353, 1387 (M.D. Fla. 1997). Because petitioner's post-conviction application for leave to appeal was dismissed without prejudice pursuant to M.C.R. 7.201(B)(3) and 7.216 (A)(10) for failing to pursue the case in conformity with the court rules, petitioner did not fairly present his post-conviction claims to the Michigan Court of Appeals. *See Carney v. Smith,* No. 2006 WL 708668, * 3-4 (W.D. Mich. 2006).

Although the Michigan Court of Appeals dismissed petitioner's defective application for leave to appeal without prejudice, petitioner never attempted to re-file an application for leave to appeal to the Michigan Court of Appeals, choosing instead to file an application for leave to appeal with the Michigan Supreme Court. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Wagner v. Smith,* 581 F. 3d 410, 414 (6th Cir. 2009); *See also Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, however, never properly presented his post-conviction claims to the Michigan Court of Appeals. Because petitioner never presented his claims to the Michigan Court of Appeals in either his direct appeal or in his post-conviction motion, his claims remain unexhausted.

6

Unfortunately, petitioner no longer has any available state court remedies with which to exhaust these claims. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 Fed.Appx. 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Petitioner has no remaining state court remedies with which to exhaust these claims. If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Hannah v. Conley*, 49 F. 3d 1193, 1195-96 (6th Cir. 1995). A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, fn. 3.

In the present case, petitioner has failed to allege any reasons to excuse the procedural default of his claims. Appellate counsel's failure to raise these claims on petitioner's direct appeal is immaterial, because petitioner could still have exhausted these claims properly in his state post-conviction motion. *See Carpenter v. Vaughn,* 888 F. Supp. 635, 654 (M.D. Pa. 1994). A habeas petitioner's *pro se* status and ignorance of rights at the state court level does not constitute cause which would excuse the procedural default. *Hannah,* 49 F. 3d at

7

1197; *Robertson v. Abramajtys,* 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001). Because petitioner has not alleged or demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding his claims. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *See also Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider petitioner's unexhausted claims as grounds for a writ of habeas corpus in spite of the procedural default. Although petitioner claims in several places in his petition that the accusations against him were false, petitioner offers nothing other than his own self-serving statements in support of this allegation, which would be insufficient to establish his actual innocence so as to excuse his default. *See Eisermann v. Penarosa,* 33 F. Supp. 2d 1269, 1275 (D. Hawaii 1999)(In habeas corpus proceeding, federal review of claims that could have been raised in state court, but were not, was precluded, absent showing of actual innocence on underlying sexual assault and kidnapping convictions; petitioner provided no other evidence whatsoever, beyond his own self-serving allegations that victim perjured herself). Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review these claims on the merits. *See Malcum,* 276

F. Supp. 2d at 677. [2]

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the respondent in her answer, petitioner has failed to show that his claims have any merit. Petitioner's claims are thus barred by procedural default and do not warrant relief.

### III. Conclusion

Accordingly, the Court will deny the current petition. The Court will also deny Petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner

---

[2] The Court also notes that petitioner pleaded guilty to these charges. At least one other judge in this district has suggested that a plea of guilty forecloses a claim of actual innocence so as to excuse a procedural default, although the judge acknowledged that no appellate court case had explicitly adopted such a rule. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 699-700 & n. 6 (E.D. Mich. 1999).

9

must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner's claims are procedurally defaulted. *See Harris v.*

10

*Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

                          s/Marianne O. Battani
                          **HONORABLE MARIANNE O. BATTANI**
                          **UNITED STATES DISTRICT JUDGE**

Dated: June 9, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner, and Counsel for the Respondent.

                          s/Bernadette M. Thebolt
                          Case Manager